UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

DONALD L. WRIGHT,

                Plaintiff,           Civil Action No.: 14-14823
                                     Honorable Stephen J. Murphy, III
                v.               Magistrate Judge Elizabeth A. Stafford

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

                Defendant.
_____/

## REPORT AND RECOMMENDATION
## ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [R. 12, 15]

Plaintiff Donald L. Wright appeals a final decision of Defendant Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI") under the Social Security Act (the "Act"). Both parties have filed summary judgment motions, referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The Court finds that the decision by the administrative law judge ("ALJ") is supported by substantial evidence, and thus **RECOMMENDS** that:

- the Commissioner's motion **[R. 15]** be **GRANTED**;

- Wright's motion **[R. 12]** be **DENIED**; and,

- the Commissioner's decision be **AFFIRMED**, pursuant to sentence four of 42 U.S.C. § 405(g).

## I.    BACKGROUND

### A.    Wright's Background and Claimed Disabilities

Wright was 52 years old when he submitted his applications for disability benefits in June 2011, and alleged a disability onset date of November 23, 2010.  [R. 7-2, Tr. 11].  He had been employed from the 1980's to 1999 as a security guard, and from 2002 to 2008 as an auto painter.  [R. 7-6, Tr. 266].  Wright alleged that he was disabled from diabetes, bipolar disorder, high blood pressure, cardiac problems, pain, bad knees, low back pain, fatigue, muscle weakness and headaches.  [*Id.,* Tr. 265].

### B.    Procedural Background

Wright filed the applications at issue in April 2012.  After both were denied initially, he requested a hearing, which took place on June 20, 2013 and included the testimony of Wright and a vocational expert (VE).  [R. 7-2, Tr. 11, 24-46].  In an August 16, 2013 written decision, the ALJ found Wright to be not disabled.  [*Id.*, Tr. 11-19].  The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. [*Id.*, Tr. 1-3].  Wright timely filed for judicial review.  [R. 1].

2

### C.     The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps.  First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled.  20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4).[1]  Second, if the claimant has not had a severe impairment or a combination of such impairments[2] for a continuous period of at least 12 months, no disability will be found.  *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled.  *Id.*  If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity ("RFC"), and will find the claimant not disabled if he or she can still do past relevant work.  *Id.*  At the final step, the Commissioner

---

[1] Sections 1520(a)(4) and 920(a)(4), which pertain to DIB and SSI respectively, list the same five-step analysis.

[2] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities."  §§ 1520(c); 920(c).

3

reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Wright was not disabled. At the first step, he found that Wright had not engaged in substantial gainful activity since her application date. [R. 7-2, Tr. 13]. At the second step, he found that Wright had the severe impairments of type II diabetes mellitus, degenerative joint disease of the knees, obesity and hypertension. [*Id.,* Tr. 13-14]. Next, the ALJ concluded that none of Wright's impairments, either alone or in combination, met or medically equaled the severity of the listed impairments. [*Id.*, Tr. 14-15].

At the fourth step, the ALJ found that Wright had the residual functional capacity (RFC) "to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b)," and was thus capable of performing his past relevant work as a security guard. [*Id.*, Tr. 17-18].

## II.   ANALYSIS

Pursuant to § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence

4

and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

The significant deference accorded the Commissioner's decision is conditioned on the ALJ's adherence to governing standards. "Chief among these is the rule that the ALJ must consider all evidence in the record when making a determination, including all objective medical evidence, medical signs, and laboratory findings." *Gentry*, 741 F.3d at 723. *See also Rogers*, 486 F.3d at 249. In other words, substantial evidence cannot be based upon fragments of the evidence, and "must take into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (internal quotation marks and citation omitted).

The Commissioner must also adhere to its own procedures, but failure to do so constitutes only harmless error unless the claimant has

5

been prejudiced or deprived of substantial rights.  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009).  An ALJ's failure to use an "adjudicatory tool" that does not change the outcome of the decision is harmless.  *Id.* at 655-56.

Wright argues that substantial evidence does not support the RFC indicating that he could perform light work and that, relatedly, the ALJ did properly consider his subjective complaints; that the ALJ did not sufficiently consider his obesity; that the ALJ did not properly assess his mental RFC; and that the ALJ erred by mischaracterizing the VE's testimony.  The Court disagrees and recommends that the ALJ's decision be affirmed.

## A. RFC for Light Work and Wright's Credibility

Wright complains that the ALJ found him to have an RFC for light work despite his testimony that he was incapable of standing all day without resting, and suffered low back pain, bad knees, fatigue, muscle weakness, debilitating headaches, dizzy spells, depression, periods of extreme isolation, and uncontrollable crying spells.  [R. 12, PgID 792, citing R. 7-2, Tr. 16, 27-30, 42].  This complaint is without merit, as an ALJ is not bound to craft an RFC based upon the claimant's testimony alone.

"In formulating a residual functional capacity, the ALJ evaluates all relevant medical and other evidence and considers what weight to assign

6

to treating, consultative, and examining physicians' opinions." 20 C.F.R. §

404.1545(a)(3). *Eslinger v. Comm'r of Soc. Sec.*, 476 F. App'x 618, 621

(6th Cir. 2012). Further, when formulating an RFC, an ALJ is required only

to incorporate those limitations he finds credible. *Irvin v. Social Security*

*Administration*, 573 Fed. App'x. 498, 502 (6th Cir. 2014) (citing *Casey v.*

*Secy' of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir.1993)).

The ALJ here specified the relevant medical evidence that supported

his position. He cited a November 9, 2012 physical examination, during

which Wright was found to have normal strength and tone in all extremities.

[R. 7-2, Tr. 16; R. 7-9, Tr. 719]. He cited a report from September 27, 2012

that Wright had walked four miles to catch a bus. [R. 7-2, Tr. 16; R. 7-9, Tr.

699]. The ALJ relied upon and gave great weight to the opinion of

consultative examiner Bina Shaw, M.D., who, after a July 9, 2012

examination, opined that Wright had no severe functional impairment, could

sit, stand and walk, bend and lift at least fifteen to twenty pounds without

difficultly eight hours a day. [R. 7-2, Tr. 16-17; R. 7-7, Tr. 424-26]. As the

Commissioner points out, this is the only medical opinion of Wright's

exertional functional capacity in the record, and he cites to no medical

evidence that contradicts this opinion.

With respect to Wright's mental capacity, the AJL cited the opinion of

7

Hugh Bray, Ph.D., a psychological consultative examiner.  [R. 7-2, Tr. 17].

Although Dr. Bray diagnosed Wright with bipolar disorder, he opined that

Wright had "no difficultly performing repetitive routine, simple tasks" or

"getting along appropriately with supervisors, creating and maintaining

good working relationships and getting along appropriately with the public

with medications."  [R. 7-7, Tr. 422].  Dr. Bray concluded that Wright's

judgment and behavior were within normal limits, that his insight was good,

that his activities of daily living were fair, and that he had a Global

Assessment of Functioning (GAF) score of 66.[3]  The Commissioner is

again correct that this is the only opinion regarding Wright's mental

functional capacity in the record.

Wright argues that the ALJ should have accepted his testimony

regarding his symptomatology when crafting the RFC.  He points to the fact

that Dr. Bray had opined that Wright "did not appear to engage in any

exaggeration or minimization of symptomology."  [R. 7-7, Tr. 421].  This

complaint lacks merit, as the regulations do not call on the ALJ to give

deference to the opinions of a consultative examiner; instead, credibility

determinations of witnesses are within the province of the ALJ and should

---

[3] "GAF scores in the range of 61–70 are intended to indicate some mild symptoms or some difficulty in social, occupational, or school functioning." *Karger v. Comm'r of Soc. Sec.*, 414 F. App'x 739, 745 (6th Cir. 2011)

not be disturbed "absent compelling reason."  *Smith v. Halter*, 307 F.3d

377, 379 (6th Cir. 2001) (rejecting claim that ALJ should deferred to

physician on issue affect credibility).

Citing the above described medical evidence, the ALJ found Wright's

complaints to be not entirely credible.  [R. 7-2, Tr. 18].  The ALJ further

noted that there was no mention of headaches and body aches in the

record, that no record supported the pain levels Wright described, and that

Wright had not received treatment or medication for pain.  [*Id.*, Tr. 17-18].

Wright argues that the ALJ erred by not considering all of the relevant

credibility factors, which include daily activities; location, duration,

frequency, and intensity of pain; precipitating and aggravating factors;

treatment; measures used for pain relief; and other factors concerning

functional limitation.  § 404.1529(c)(3).  Yet, an ALJ is not required to

discuss each of these factors.  *Loyacano v. Comm'r of Soc. Sec.*, No. 1:13-

CV-144, 2014 WL 1660072, at *4 (W.D. Mich. Apr. 25, 2014) (collecting

cases).  Further, although a claimant's statements will not be disregarded

solely because they are unsubstantiated by objective medical evidence,

statements may be rejected to the extent that they are inconsistent with the

rest of the evidence available.  *Id.* § 404.1529(a).

Inasmuch as Wright relies entirely on his own testimony, he has failed

9

to provide a compelling reason to disturb the ALJ's credibility
determination.  Further, since the ALJ is required to incorporate only those
limitations he finds credible, Wright's challenge to the ALJ's RFC should be
rejected.

### B. Obesity

Wright claims that the ALJ did not follow the procedure set forth in
Social Security Ruling 02-01p[4] for assessing the impact of his obesity on
his RFC.  This argument lacks merit because "Social Security Ruling 02–
01p does not mandate a particular mode of analysis.  It only states that
obesity, in combination with other impairments, 'may' increase the severity
of the other limitations."  *Bledsoe v. Barnhart*, 165 F. App'x 408, 411-12
(6th Cir. 2006).  Here, the ALJ explicitly identified Wright's obesity as a
severe impairment and gave great weight to the opinion of Dr. Shaw, who
found that Wright had no severe functional impairment despite diagnosing
him with obesity.  [R. 7-2, Tr. 13, R. 7-7, Tr. 426].  Therefore, the effect of
Wright's obesity on his functionality was adequately considered.  *See
Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 443 (6th Cir. 2010)
(ALJ adequately accounted for obesity by identifying it as a severe
impairment relying upon medical opinions that considered obesity).

---

[4] This ruling is available at 2000 WL 628049, at *1 (S.S.A.).

## C. Mental RFC

Citing Social Security Ruling 96-8p, Wright alleges that the ALJ erred by failing to conduct a function-by-function mental RFC. "SSR 96–8p requires an ALJ to individually assess the exertional (lifting, carrying, standing, walking, sitting, pushing, and pulling), and non-exertional (manipulative, postural, visual, communicative, and mental functions) capacities of the claimant in determining a claimant's RFC." *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir. 2002). Nonetheless, the ALJ need not provide a function-by-function analysis. *Id.*

Wright's complaint regarding his mental RFC is without merit because the ALJ found him capable of a full range of light work, and the regulations define the necessary functional capacity for such work:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. §§ 404.1567(b); 416.967(b).

Moreover, the ALJ determined that Wright's bipolar disorder was not severe, which meant that it does not significantly limit his ability to do basic work activities. 20 C.F.R. § 404.1521(a).

11

For these reasons, Wright's argument that the ALJ did not perform a sufficient mental RFC should be rejected.

### D. Alleged Mischaracterization of VE Testimony

Wright quotes testimony that the ALJ solicited from the VE indicating that his alleged mental impairment and limitations to walking due to knee pain would preclude him working as a security guard.  [R. 12, PgID 800-01, citing R. 7-2, Tr. 45].  Based upon this testimony, Wright alleges that the ALJ mischaracterized the VE's testimony that he could work as a security guard.

However, the ALJ ultimately rejected as credible the limitations addressed in the questions Wright cites.  As previously noted, the ALJ was required only to incorporate the limitations he found credible.  *Irvin,* 573 Fed. App'x. at 502.  Thus, the ALJ did not err in finding that Wright was capable of working as a security guard.

### III.   CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Wright's Motion for Summary Judgment **[R. 12]** be **DENIED**, the Commissioner's Motion **[R. 15]** be **GRANTED** and this case be **AFFIRMED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: January 20, 2016

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after

service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 20, 2016.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager