UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD L. WRIGHT,

        Plaintiff,                              Case No. 2:14-cv-14823

v.                                            HONORABLE STEPHEN J. MURPHY, III

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
        _____/

**ORDER OVERRULING OBJECTIONS** (document no. 17),
**ADOPTING REPORT AND RECOMMENDATION** (document no. 16),
**DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** (document no. 12),
**AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** (document no. 15)

The Commissioner of the Social Security Administration ("SSA") denied the application of Donald Wright ("Wright") for Supplemental Security Income and Disability Insurance Benefits in a decision issued by an Administrative Law Judge ("ALJ"). *See* Administrative Record ("A.R.") 8–19, ECF No. 7-2. After the SSA Appeals Council declined to review the ruling, Wright appealed. The Court referred the matter to Magistrate Judge Elizabeth Stafford, and the parties filed cross-motions for summary judgment. *See* Mot. Summ. J., ECF Nos. 12, 15. The magistrate judge issued a Report and Recommendation ("Report") suggesting the Court deny Wright's motion and grant the Commissioner's motion. Report, ECF No. 16. Wright filed timely objections to the Report. Obj., ECF No. 17. After examining the record and considering Wright's objections de novo, the Court concludes that his arguments do not have merit. Accordingly, the Court will adopt the Report's findings, deny Wright's motion for summary judgment, grant the Commissioner's motion for summary judgment, and dismiss the complaint.

**BACKGROUND**

The Report properly details the events giving rise to Wright's action against the Commissioner. Report 2–4, ECF No. 16. The Court will adopt that portion of the Report.

**STANDARD OF REVIEW**

Civil Rule 72(b) governs the review of a magistrate judge's report. A district court's standard of review depends upon whether a party files objections. The Court need not undertake any review of portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(3). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

When reviewing a case under 42 U.S.C. § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (quotations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that a "reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotations omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in his decision. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (citation omitted). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole

show that he implicitly resolved such conflicts." *Id.*

## DISCUSSION

Wright objects to the Report on four grounds. Having carefully reviewed them, the Court finds that no objection presents a reason to reject the Report or reverse the ALJ's decision.

Wright first argues that the magistrate judge erred when she found the ALJ's negative credibility finding to be supported by substantial evidence. Obj. 2, ECF No. 17. Specifically, Wright claims that the ALJ did not adequately address Wright's credibility. *Id.* at 3. But the record belies Wright's contention: the ALJ considered the lack of any "mention of headaches and body aches in the record, that no record supported the pain levels Wright described, and that Wright had not received treatment or medication for pain." Report 9, ECF No. 16. Furthermore, the ALJ's decision explicitly takes into account "the treatment notes, objective findings, and opinion evidence" that did not support Wright's claims. Tr. 18, ECF No. 7-2. The ALJ's credibility finding was, in fact, supported by substantial evidence that tended to contradict Wirght's testimony.

Second, Wright objects that the magistrate judge erred in finding that the ALJ's consideration of Wright's obesity was adequate. Obj. 5, ECF No. 17. Wright claims that the "ALJ's decision does not address Plaintiff's obesity nor how his diagnosis of obesity affects his residual functional capacity." *Id.* at 6. Again, the record contradicts Wright's objection. The ALJ specifically identified Wright's obesity as a severe impairment, but also gave great weight to an expert's opinion that the obesity did not cause a severe functional impairment. Tr. 16–17, ECF No. 7-2. The Social Security rules do not mandate any particular mode of analyzing obesity, and the ALJ's decision here is in line with other obesity considerations

3

the Sixth Circuit has found adequate. *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 442–44 (6th Cir. 2010).

Third, Wright argues that the magistrate judge "erred when she held that the ALJ's mental RFC was sufficient," by labeling Wright's bipolar disorder as a non-severe impairment. Obj. 7, ECF No. 17. But there was significant evidence for that conclusion. The ALJ cited numerous grounds, including Wright's "mild" difficulties and restrictions in daily living, social functioning, and concentration, as well as concurring expert testimony. Tr. 14, ECF No. 7-2. The record indicates that the ALJ gave adequate consideration to the relevant evidence in determining Wright's mental RFC, and there is sufficient evidence to support the determination. *See id.* at 14–15.

Finally, Wright claims that the magistrate erred by not finding that the ALJ mischaracterized the testimony of the vocational expert ("VE"). Obj. 8, ECF No. 17. The ALJ stated that the VE testified that Wright would be able to work in his former role as a security guard, and it is true that no such direct statement appears in the VE's testimony. It is, however, also true that the VE's testimony, in context, leads to the same conclusion.

Wright had claimed that his mental disorder and knee issues would preclude him from working as a security guard, and the VE stated that "assuming" his claims were true, he could not perform such work. Tr. 45, ECF No. 7-2. But the ALJ gave Wright a negative credibility determination, and was not required to accept his testimony as accurate. In fact, the VE testified that work as a security guard would be considered semi-skilled and "light" under the Dictionary of Occupational Titles ("DOT"). *Id.* Under the ALJ's actual RFC determination, Wright would be capable of light work, which under the DOT includes employment as a security guard. Thus, the ALJ did not materially mischaracterize the VE's

4

testimony.

## CONCLUSION

The Court has carefully reviewed the parties' motions, the Report, and Wright's objections. The Court finds Wright's objections unconvincing, and agrees with the Report's recommendation to grant the Commissioner's motion for summary judgment and deny Wright's motion for summary judgment.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Wright's Objections (document no. 17) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's Report and Recommendation (document no. 16) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Wright's Motion for Summary Judgment (document no. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment (document no. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 22, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 22, 2016, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager